**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SIMON CHIKHLADZE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KOFOD, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-01329-SEP |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Simon Chikhladze's Motions to Proceed *In Forma Pauperis*, Docs. [2], [9], [10]. Based on Plaintiff's financial information, the Court grants the motions. Because Plaintiff has filed this case in an improper venue, on initial review under 28 U.S.C. § 1915(e)(2), the Court dismisses this action without prejudice.[1]

**BACKGROUND**

Plaintiff has brought this action 22 times throughout the United States district courts. *See Chikhladze v. Kingdom of Denmark*, No. 2:26-cv-00418 (D.N.J. filed Jan. 14, 2026); *Chikhladze v. United Airlines, Inc.*, No. 1:24-cv-13177 (N.D. Ill. filed Oct. 27, 2025); *Chikhladze v. Tsulukiani*, No. 1:25-cv-07144 (S.D.N.Y. filed Aug. 27, 2025); *Chikhladze v. Republic of Georgia*, No. 1:25-cv-02152 (D.D.C. filed Jul. 7, 2025); *Chikhladze v. Georgian Authorities*, No. 2:25-cv-00997 (E.D. La. filed May 16, 2025); *Chikhladze v. Tbilisi-Based Organized Group*, No. 2:25-cv-2185 (D. Kan. filed Apr. 8, 2025); *Chikhladze v. Tbilisi-Based Organized Group*, 3:25-cv-00325 (M.D. Fla. filed Mar. 27, 2025); *Chikhladze v. Frederiksen*, No. 3:25-cv-00158 (W.D. Ky. filed Mar. 19, 2025); *Chikhladze v. Fredericksen*, No. 1:25-cv-

[1] In the past three weeks, Plaintiff has also filed the following motions, which the Court denies as moot: (1) Motion to Supplement the Record with Omission Exhibits and Supporting Brief, Doc. [8]; (2) Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction, Doc. [14]; (3) Amended Motion for a TRO and Preliminary Injunction, Doc. [17]; (4) Plaintiff's Emergency Motion for Expedited Consideration and Immediate Ruling on the Motion for a TRO, Doc. [18], (5) Motion for a Hearing on Motion for TRO, Doc. [19], and (6) Emergency Motion for Expedited Consideration and Immediate Ruling, Doc. [20].

00467 (S.D. Ind. filed Mar. 12, 2025); *Chikhladze v. Frederiksen*, 1:25-cv-02590 (M.D. Ill. filed Mar. 12, 2025); *Chikhladze v. Kingdom of Denmark Gov't*, No. 2:25-cv-10666 (E.D. Mich. filed Mar. 10, 2025); *Chikhladze v. Gov't of the Kingdom of Denmark*, No. 1:25-cv-00451 (S.D. Ind. filed Mar. 8, 2025); *Chikhladze v. FBI*, No. 6:25-cv-01038 (D. Kan. filed Mar. 4, 2025); *Chikhladze v. FBI*, No. 2:25-cv-00075 (D. Maine filed Mar. 3, 2025); *Chikhladze v. U.S. Dep't of State*, No. 6:25-cv-00021 (D. Mont. filed Feb. 27, 2025); *Chikhladze v. U.S. Dep't of State*, 6:25-cv-00311 (M.D. Fla. filed Feb. 25, 2025); *Chikhladze v. FBI*, 2:25-cv-00814 (E.D. Pa. Feb. 18, 2025); *Chikhladze v. Gov't of the Kingdom of Denmark*, No. 1:25-cv-00056 (D.R.I. filed Feb. 12, 2025); *Chikhladze v. Gov't of the Kingdom of Denmark*, No. 2:25-cv-01094 (C.D. Ca. filed Feb. 6, 2025); *Chikhladze v. Gov't of Georgia*, No. 2:25-cv-00381 (C.D. Ca. filed Jan. 14, 2025); *Chikhladze v. Gov't of Kingdom of Denmark*, No. 1:24-cv-07741 (S.D.N.Y. filed Oct. 7, 2024); *Chikhladze v. Gov't of the Kingdom of Denmark*, No. 1:24-cv-2784 (D.D.C. filed Sept. 18, 2024). All such actions have been dismissed for lack of proper venue or failure to state a claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff, a resident of the country of Georgia, sues several Danish police and immigration officers, a German Director of Central Foreigners Authority, and a travel agency for "orchestrat[ing] a covert removal operation that bypassed standard legal safeguards, den[ying] Plaintiff access to counsel and legal representation, and facilitate[ing] his forced removal (refoulement) from the Schengen Zone to Georgia." Doc. [1-1] at 1. Although Plaintiff alleges he has "a history of lawful presence in the United States" from 1990 to 2008, his allegations do not involve the United States or Missouri. *Id.*

He seeks compensatory and punitive damages of an unknown amount. *Id.* at 8.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction.

Plaintiff sues Denmark officials who "played a central role in Plaintiff's removal proceedings" from Denmark and denied him asylum. Doc. [1-1] at 1. The only connection Plaintiff's allegations have to Missouri is that a commercial travel booking was routed

through "Visa/Mastercard clearing networks in Virginia and Missouri." *Id.* at 5. Like Plaintiff's other 22 actions brought with these same allegations, this action will be dismissed without prejudice for lack of venue. No events giving rise to this action occurred in Missouri. No Defendant resides in Missouri. And Plaintiff does not allege that Missouri can exercise personal jurisdiction over any named Danish or German officials.

Because Plaintiff has not alleged any facts tying his action to this district, the Court dismisses this lawsuit without prejudice to refiling in an appropriate court. *See* 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Leave to Proceed *In Forma Pauperis*, Docs. [2], [9], and [10], are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the following motions are **DENIED** as moot: Motion to Supplement the Record with Omission Exhibits and Supporting Brief, Motion for a TRO and Preliminary Injunction, Amended Motion for a TRO and Preliminary Injunction, Emergency Motion for Expedited Consideration and Immediate Ruling on the Motion for a TRO, Motion for a Hearing on TRO, and Emergency Motion for Expedited Consideration and Immediate Ruling on the Motion for Temporary Restraining Order. Docs. [8], [14], [17], [18], [19], and [20].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of October, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE